UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEMINI TRANSPORATION UNDERWRITERS, LLC<br><br>　　　　Plaintiff,<br><br>vs.<br><br>33 EAST MAINTENANCE INC., FCI TRANSPORT, INC. AND FCI LEASING, LLC,<br><br>　　　　Defendants,<br>and<br><br>ESTATE OF BRIAN PANCOAST BY ADMINISTRATIX AD PROSEQUENDUM DANA PANCOAST, DANA PANCOAST, Individually, and FREEHOLD CARTAGE, INC.<br><br>　　　　Nominal Defendants. | Civil Action No._____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, GEMINI TRANSPORTATION UNDERWRITERS, LLC ("GEMINI"), by and through its attorneys of record in this action, alleges the following:

1. GEMINI brings this action seeking a declaratory judgment that it has no obligation to provide coverage to Named Insureds 33 EAST MAINTENANCE INC., FCI TRANSPORT, INC. AND FCI LEASING, LLC, for the lawsuit captioned *Estate of Brian Pancoast By Administratrix Ad Prosequendum Dana Pancoast and Dana Pancoast, Individually vs. Freehold Cartage, Inc., 33 East Maintenance Inc., FCI Transport, Inc., FCI Leasing LLC, Gradall Industries Inc., Alamo Group Inc., John Does 1-10, ABC Corps. 1-10*, Docket No. L-3939-14 pending in the Superior Court of New Jersey, Middlesex County Civil Division ("UNDERLYING PANCOAST LAWSUIT") pursuant to the GEMINI Policy's "Named Insured

1

versus Named Insured" Exclusion because THE PANCOAST LAWSUIT alleges liability arising out of, caused by or contributed to by the injuries of Brian Pancoast, an employee of the first Named Insured on the Policy, FREEHOLD CARTAGE, INC.

## PARTIES

2.     GEMINI TRANSPORTATION UNDERWRITERS, LLC, is a Limited Liability Corporation, organized and existing under the laws of the State of Delaware, with its principal place of business at 99 Summer Street, Suite 1800, Boston, Massachusetts.

3.     Upon information and belief, Defendant, 33 EAST MAINTENANCE, INC. is a New Jersey domestic profit corporation with its principal place of business located at 825 State Route 33, Freehold, New Jersey.

4.     Upon information and belief, Defendant, FCI TRANSPORT, INC. is a New Jersey domestic profit corporation with its principal place of business located at 825 State Route 33, Freehold, New Jersey.

5.     Upon information and belief, Defendant, FCI LEASING, LLC is a New Jersey limited liability company with its principal place of business located at 825 State Route 33, Freehold, New Jersey.

6.     Upon information and belief, Nominal Defendant DANA PANCOAST is an adult citizen residing in the State of New Jersey at 22 Sanford Road, Brick, New Jersey.

7.     Upon information and belief, Nominal Defendant DANA PANCOAST is the Administratrix Ad Prosequendum of Nominal Defendant, the ESTATE OF BRIAN PANCOAST.

8. Upon information and belief, Nominal Defendant FREEHOLD CARTAGE, INC. is a New Jersey Corporation with its principal place of business located at 825 State Route 33, Freehold New Jersey.

## JURISDICTION AND VENUE

9. The amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000) Dollars exclusive of interest and costs and this is an action between citizens of different states. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

10. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

11. This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

## UNDERLYING PANCOAST LAWSUIT

12. On or about June 26, 2014, the ESTATE OF BRIAN PANCOAST BY ADMINISTRATIX AD PROSEQUENDUM DANA PANCOAST and DANA PANCOAST, Individually ("UNDERLYING PLAINTIFFS") commenced an action in the Superior Court of the State of New Jersey, Middlesex County, Civil Division against FREEHOLD CARTAGE, INC., John Does 1-10 and ABC Corps. 1-10. The UNDERLYING PLAINTIFFS subsequently filed an Amended Complaint on December 9, 2014, adding 33 EAST MAINTENANCE, INC. as a Defendant, filed a Second Amended Complaint on August 12, 2015, adding FCI TRANSPORT, INC. as a Defendant, and then filed a Third Amended Complaint on or about November 11, 2015, adding FCI LEASING LLC as a Defendant.

13. In the UNDERLYING PLAINTIFFS' Third Amended Complaint against FREEHOLD CARTAGE, INC., 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC., FCI LEASING LLC, John Does 1-10 and ABC Corps. 1-10, ("UNDERLYING DEFENDANTS"), the UNDERLYING PLAINTIFFS seek recovery for damages arising out of the death of Brian Pancoast on May 29, 2014, allegedly as the result of the hatch on a rolloff tank/container that closed on him while he was in the course of his employment for FREEHOLD CARTAGE, INC. The UNDERLYING PLAINTIFFS raise Claims against the UNDERLYING DEFENDANTS for Products Liability, Negligence and Wrongful Death and seek recovery for Mr. Pancoast's pain and suffering, loss of enjoyment of life, economic losses, including lost wages and pecuniary losses. A copy of the Third Amended Complaint is attached as Exhibit "1" to this Complaint.

14. The UNDERLYING PLAINTIFFS also allege a claim against FREEHOLD CARTAGE, INC. solely for Declaratory Orders for Discovery.

15. The UNDERLYING PLAINTIFFS specifically allege that the deceased Brian Pancoast was an employee of and injured during the course of his employment for FREEHOLD CARTAGE, INC.

16. Discovery in the UNDERLYING PANCOAST LAWAUIT confirmed that Brian Pancoast was an employee of FREEHOLD CARTAGE, INC. and injured during the course of this employment.

17. Discovery in the UNDERLYING PANCOAST LAWSUIT has revealed that FREEHOLD CARTAGE, INC., 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and FCI LEASING LLC are related companies.

18.  Pleadings and Discovery in the UNDERLYING PANCOAST LAWSUIT indicate that FCI TRANSPORT, INC. has not pled any defenses as an Employer, Alternate or Special Employer of Brian Pancoast and that FCI TRANSPORT, INC. has no employees.

19.  Pleadings and Discovery in the UNDERLYING PANCOAST LAWSUIT indicate that FCI LEASING, INC. has not pled any defenses as an Employer, Alternate or Special Employer of Brian Pancoast and that FCI TRANSPORT, INC. has no employees.

20.  Pleadings and Discovery in the UNDERLYING PANCOAST LAWSUIT indicate that 33 EAST MAINTENANCE, INC. is not the Employer, Alternate or Special Employer of Brian Pancoast and has not pled any defenses as an Employer, Alternate or Special Employer.

## THE RELEVANT POLICIES

*The Gemini Umbrella Policy*

21.  GEMINI issued Commercial Umbrella Policy No. GVE100093502 to FREEHOLD CARTAGE INC. for the policy period of October 1, 2013 to October 1, 2014. ("GEMINI Policy"). A copy of the GEMINI Policy is attached as "2" to this Complaint.

22.  Endorsement Number 5 to the GEMINI Policy names 33 EAST MAINTENANCE, INC. as a Named Inured on the GEMINI Policy. *See* Ex. 2, Endorsement # 005.

23.  Endorsement Number 5 to the GEMINI Policy names FCI TRANSPORT, INC. as a Named Inured on the GEMINI Policy. *See* Ex. 2, Endorsement # 005.

24.  Endorsement Number 5 to the GEMINI Policy names FCI LEASING LLC as a Named Inured on the GEMINI Policy. *See* Ex. 2, Endorsement # 005.

25.  The GEMINI Policy contains the following "Named Insured versus Named Insured" Exclusion:

> *2.     Exclusions*
>
> *This insurance does not apply to:*
>
> *\*\*\*\**
>
> > *bb.     Named Insured versus Named Insured*
> >
> > *Any liability, costs or expense of any Named Insured or its "employees" arising out of, caused or contributed to by any "bodily injury" or "property damage" claimed by any other Named Insured or its "employees".*

*See* Ex. 2, FORM GEMUMBT 03/09, page 11 of 32.

      26.     The GEMINI Policy contains the following "Employer's Liability" Exclusion:

> *2.     Exclusions*
>
> *This insurance does not apply to:*
>
> *\*\*\*\**
>
> *g. Employer's Liability*
>
> *"Bodily injury" to:*
>
> *(1) An "employee" of the insured arising out of and in the course of:*
>
> > *(a) Employment by the insured; or*
> > *(b) Performing duties related to the conduct of the insured's business; or*
>
> *(2) The spouse, child, parent, brother or sister of that "employee"; or any other person; as a consequence of Paragraph (1) above.*
>
> *This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.*
>
> *This exclusion does not apply to liability assumed by the insured under an "insured contract".*
>
> *Except for "bodily injury" sustained by an "employee" of the insured arising out of and in the course of employment as a master or member of the crew of any vessel, this exclusion does not apply to the extent that valid "underlying insurance" for the employer's liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury". Coverage provided will follow the provisions, exclusions and limitations of the "underlying insurance" unless otherwise directed by this insurance.*

*See* Ex. 2, FORM GEMUMBT 03/09, page 3 of 32.

<u>The New Hampshire Workers Compensation/Employer Liability Policy</u>

27. New Hampshire Insurance Company issued Employer's Liability Occurrence Policy No. WCO062790699 to FREEHOLD CARTAGE, INC., effective October 1, 2013 to October 1, 2014 (the "New Hampshire Policy"), which is a Scheduled Underlying Policy to the GEMINI Policy. *See* Ex. 2, Endorsement # 001, Schedule of Underlying Insurance.

28. The New Hampshire Policy affords Workers Compensation Coverage (Part One) and Employer Liability Coverage (Part Two) to FREEHOLD CARTAGE, INC.

29. The New Hampshire Policy includes an "Alternate Employer Endorsement" which provides coverage to an "alternate employer" under Part One (Workers Compensation Insurance) and Part Two (Employer Liability Insurance) for bodily injury to an employee of FREEHOLD CARTAGE, INC. while in the course of special or temporary employment by the "alternate employer". The "Alternate Employer Endorsement" defines "alternate employer" as "any alternate employer of [Freehold Cartage, Inc.'s] employees.

## CLAIMS HANDLING

30. On February 23, 2015, GEMINI denied any obligations to defend or indemnify 33 EAST MAINTENANCE, INC. in the UNDERLYING PANCOAST LAWSUIT until and unless all applicable Scheduled Underlying Policies and all other insurance was exhausted by payment. A copy of the February 23, 2015 letter is attached as Exhibit "3" to this Complaint.

31. In the February 23, 2015 letter, GEMINI also reserved its rights to deny coverage to 33 EAST MAINTENANCE, INC. under various provisions of the GEMINI Policy, including the "Named Insured versus Named Insured" Exclusion, pending further determination of the facts. *See* Ex. 3.

32. On May 28, 2015, GEMINI sent a second letter to 33 EAST MAINTENANCE, INC. denying any obligation to defend or indemnify 33 EAST MAINTENANCE pursuant to the

"Named Insured versus Named Insured" Exclusion, unless 33 EAST MAINTENANCE, INC. was an Alternate or Special Employer of Brian Pancoast. A copy of the May 28, 2015 letter is attached as Exhibit "4" to this Complaint.

33. On July 30, 2015, GEMINI denied any obligations to defend or indemnify FCI TRANSPORT, INC. in the UNDERLYING PANCOAST LAWSUIT until and unless all applicable Scheduled Underlying Policies and all other insurance was exhausted by payment. A copy of the July 30, 2015 letter is attached as Exhibit "5" to this Complaint.

34. In the July 30, 2015 letter, GEMINI also further denied coverage to FCI TRANSPORT, INC. pursuant to the "Named Insured versus Named Insured" Exclusion, unless FCI TRANSPORT, INC. was an Alternate or Special Employer of Brian Pancoast. *See* Ex. 5.

35. On December 24, 2015, GEMINI denied any obligations to defend or indemnify FCI LEASING LLC in the UNDERLYING PANCOAST LAWSUIT until and unless all applicable Scheduled Underlying Policies and all other insurance was exhausted by payment. A copy of the December 24, 2015 letter is attached as Exhibit "6" to this Complaint.

36. In the December 24, 2015 letter, GEMINI further denied coverage to FCI LEASING LLC pursuant to the "Named Insured versus Named Insured" Exclusion, unless FCI LEASING LLC was an Alternate or Special Employer of Brian Pancoast. *See* Ex. 6.

37. On September 14, 2017, GEMINI confirmed its denial of coverage to 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. AND FCI LEASING LLC. A copy of the September 14, 2017 letter is attached as Exhibit "7" to this Complaint.

## COUNT I – DECLARATORY JUDGMENT

### Gemini Has No Obligations to Provide Coverage
### Pursuant to the "Named Insured versus Named Insured" Exclusion

38. Plaintiff incorporates each and every allegation in paragraph numbers 1 through 37 of this Complaint.

39. The GEMINI Policy contains the "Named Insured versus Named Insured" Exclusion referenced in Paragraph No. 25, above.

40. The "Named Insured versus Named Insured" Exclusion excludes coverage to a Named Insured on the GEMINI Policy, if the Named Insured's liability arises out of, is caused by or contributed to by the bodily injury claimed by an employee of another Named Insured on the GEMINI Policy. *See* Ex. 2, FORM GEMUMBT 03/09, page 11 of 32.

41. Brian Pancoast was an employee of FREEHOLD CARTAGE, INC.

42. FREEHOLD CARTAGE, INC. was the Named Insured listed on the Declarations Page of the GEMINI Policy. *See* Ex. 2.

43. By endorsement, 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC., and FCI LEASING LLC are Named Insureds on the GEMINI Policy. *See* Ex. 2, Endorsement # 005.

44. GEMINI Policy's Employer's Liability Exclusion referenced in Paragraph No. 26, above, require that the terms of Underlying Scheduled New Hampshire Policy govern GEMINI'S coverage obligations for any of the Named Insured Defendants, 33 EAST MAINTENNCE, INC., or FCI TRANSPORT, INC. or FCI LEASING, INC., that were the Employer or deemed by law to be the Employer of Brian Pancoast.

45. 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and FCI LEASING LLC were not and have not pled to be deemed to be the Employer, Alternate Employer or Special Employer of Brian Pancoast.

46. Since 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and FCI LEASING LLC were not the Employer, Alternate Employer or Special Employer of Brian Pancoast, the New Hampshire Policy does not apply to the claims asserted against 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and FCI LEASING LLC, in the UNDERLYING PANCOAST LAWSUIT.

47. Since EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and FCI LEASING LLC were not the Employer, Alternate Employer or Special Employer of Brian Pancoast, the GEMINI Policy terms apply to the coverage for these Named Insured Defendants for the UNDERLYING PANCOAST LAWSUIT.

48. In the UNDERLYING PANCOAST LAWSUIT, the alleged liability of 33 EAST MAINTENANCE, INC., a Named Insured on the GEMINI Policy, arises out of, is caused by or contributed to by the alleged injuries of Brian Pancoast, an employee of Named Insured, FREEHOLD CARTAGE, INC.

49. In the UNDERLYING PANCOAST LAWSUIT, the alleged liability of FCI TRANSPORT, INC., a named insured on the GEMINI Policy, arises out of, is caused by or contributed to by the injuries of Brian Pancoast, an employee of Named Insured, FREEHOLD CARTAGE, INC.

50. In the UNDERLYING PANCOAST LAWSUIT, the alleged liability of FCI LEASING, LLC, a named insured on the GEMINI Policy, arises out of, is caused by or

contributed to by the injuries of Brian Pancoast, an employee of Named Insured, FREEHOLD CARTAGE, INC.

51. Since the alleged liability of 33 EAST MAINTENANCE, INC., FCI TRANSPORT, LLC AND FCI LEASING, LLC arises out of, is caused by or contributed to by the injuries of Brian Pancoast, an employee of a Named Insured, the GEMINI Policy's "Named Insured versus Named Insured" Exclusion applies and excludes coverage for the UNDERLYING PANCOAST LAWSUIT.

52. Pursuant to the "Named Insured versus Named Insured" Exclusion, GEMINI has no obligations to provide coverage to the Named Insured Defendants 33 EAST MAINTENANCE, INC., FCI TRANSPORT, LLC AND FCI LEASING, LLC for the UNDERLYING PANCOAST LAWSIUT.

53. Pursuant to the "Named Insured versus Named Insured" Exclusion, GEMINI has no obligations to make payment to THE UNDERLYING PLAINTIFFS for any unsatisfied portion of a judgment that they may obtain against 33 EAST MAINTENANCE, INC., FCI TRANSPORT, LLC AND FCI LEASING, LLC.

54. GEMINI is entitled to a declaration under 28 U.S.C. §2201 that it has no obligation to provide defense and/or indemnity coverage to 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and/or FCI LEASING LLC for the UNDERLYING PANCOAST LAWSUIT pursuant to the "Named Insured versus Named Insured" Exclusion.

55. GEMINI is entitled to a declaration under 28 U.S.C. §2201 that it has no obligations to pay any unsatisfied portion of a judgment that the UNDERLYING PLAINTIFFS may obtain against 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and/or FCI LEASING LLC in the UNDERLYING PANCOAST LAWSUIT.

WHEREFORE, GEMINI TRANSPORTATION UNDERWRITERS, LLC requests a Declaratory Judgment that:

(1) It has no obligation to provide defense and/or indemnity coverage to 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and/or FCI LEASING LLC for the UNDERLYING PANCOAST LAWSUIT pursuant to the Policy's "Named Insured versus Named Insured" Exclusion.

(2) It has no obligation to provide payment of any judgment that the UNDERLYING PLAINTIFFS may obtain against 33 EAST MAINTENANCE, INC., FCI TRANSPORT, INC. and/or FCI LEASING LLC in the UNDERLYING PANCOAST LAWSUIT.

(3) Such other and further relief as the Court deems just and proper.

Dated: Holmdel, New Jersey
September 22, 2017

Respectfully Submitted,

/s/*Nicholas L. Paone*
NICHOLAS L. PAONE, ESQ.
WHITE FLEISCHNER & FINO, LLP
Holmdel Corporate Plaza
2137 Route 35
Holmdel, New Jersey 07733
(732) 530-7787
Attorneys For Plaintiff:
GEMINI TRANSPORTATION
UNDERWRITERS, LLC
Our File No.: 558-18617L